UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HANDY & HARMAN REFINING GROUP, INC., Plaintiff | |
| VS. | CIVIL ACTION NO. 3:02 CV 1803 (MRK) |
| PRICEWATERHOUSECOOPERS, LLP, Defendant | |
| GOLDEN WEST REFINING CORPORATION Plaintiffs | |
| VS. | CIVIL ACTION NO. 3:02 CV 1379(MRK) |
| PRICEWATERHOUSECOOPERS, LLP and COOPERS & LYBRAND, LLP Defendant | |
| ALEC SHARP, et al. Plaintiffs | |
| VS. | CIVIL ACTION NO. 3:02 CV 1572 (MRK) |
| PRICEWATERHOUSECOOPERS, LLP d/b/a PRICE WATERHOUSE, LLP Defendant | JULY 7, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF HANDY & HARMAN REFINING GROUP, INC.'S MOTION TO DISMISS THE COUNTERCLAIMS OF PRICEWATERHOUSECOOPERS**

I.  INTRODUCTION

PricewaterhouseCoopers ("PWC") has asserted two counterclaims in response to the Complaint issued by Plaintiff Handy & Harman Refining Group, Inc. ("HHRG"). Both

counterclaims are based upon a clause in a Coopers and Lybrand L.L.P. engagement letter in which HHRG purportedly agreed to indemnify PWC arising out of claims or liabilities in circumstances where there is a knowing misrepresentation by a member of HHRG's management.

This provision cannot support PWC's counterclaim against HHRG. The clause in question does not require in a clear and direct manner that HHRG indemnify PWC for PWC's own misconduct, breach of contract or negligence. Since the allegations against PWC in this case address its negligence, breach of contractual obligations, negligent misrepresentation and professional malpractice, the indemnification clause cannot be a basis for PWC's claim of indemnification, recoupment or setoff against HHRG.

This Court should dismiss the counterclaims asserted by PWC against HHRG because the Counterclaim fails to state a claim for relief which may be granted against HHRG.

## II.   MATERIAL FACTS

PWC was engaged as an auditor to perform professional auditing services for HHRG from 1996 through 1999. (Complaint, paragraphs 24-26.) PWC knew that various transactions were taking place, which were contrary to HHRG policy, PWC never disclosed or reported such transactions to HHRG's board of directors, despite an obligation to do so. *Id.* at paragraphs 41, 55, 82. HHRG has asserted claims against PWC for negligence, breach of contract, professional malpractice and negligent misrepresentation and nondisclosures. *See* Complaint, generally.



The March 30, 1998 engagement letter produced by PWC[1] contains the following pertinent language:

> The Company hereby indemnifies Coopers & Lybrand L.L.P. and its partners, principals, and employees, and holds them harmless from all claims, liabilities, losses, and costs arising in circumstances where there has been a knowing misrepresentation by a member of the Company's management, regardless of whether such person was acting in the Company's interest.

*See* Ex. A.

The "Company" is defined as Handy & Harman Refining Group, Inc. *See* Ex. A.

PWC apparently contends that the losses claimed by HHRG in the Complaint arose in circumstances in which there was a knowing misrepresentation by an officer of HHRG. Counterclaim, paragraph 4. Pursuant to the engagement letter language set forth above, PWC claims that HHRG agreed to indemnify it under circumstances "where there has been a knowing misrepresentation by a member of HHRG management." Ex. A; counterclaim, paragraph 3. This indemnification language is the basis of PWC's counterclaim but the provision is inadequate and ineffective under the controlling Connecticut case law.

---

[1] The letter is attached as Exhibit A. This is a true and correct copy of a letter produced by PWC. Since this letter is the basis of the PWC counterclaim, it may be considered by this Court, without the need to convert the motion to dismiss into a motion for summary judgment. *See Schnall v. Marine Midland Bank*, 225 F.3d 263, 266 (2d Cir. 2001) (court considered a cardholder agreement, account history and monthly statements not attached to a complaint); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F2d 42, 47 (2d Cir. 1991) (court considered prospectus not attached to complaint). It should be noted that the letter produced was unsigned. In order to establish that this indemnity provision was even agreed to by HHRG, PWC must produce a signed engagement letter.

### III. ARGUMENT

#### A. Motion to Dismiss Under Rule 12(b)(6).

Dismissal of a complaint or counterclaim pursuant to Rule 12(b)(6) for failure to state a claim on which relief can be granted is warranted if it appears beyond doubt that the claimant can prove no set of facts in support of his claim which would entitle him to relief. *Sims v. Artuz*, 230 F.3d 14 (2nd Cir. 2000); *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774 (2nd Cir. 1984) ("The function of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."); *see also Kaltman-Glasel v. Dooley*, 156 F.Supp.2d 225 (D. Conn. 2001) (this court dismissed counterclaim because it failed to state a claim); *Citizens Trust Company v. New England Dredge & Dock Co.*, 260 F.Supp. 800 (D. Conn. 1966) (counterclaim by entity attempting to shift liability away from itself dismissed for failing to state a claim). PWC's counterclaims are insufficient as a matter of law, and thus, they must be dismissed.

#### B. HHRG Did Not Agree Clearly and Unequivocally to Indemnify PWC for its Own Misconduct.

The indemnification language at issue is insufficient under Connecticut law to allow PWC indemnification for its own misconduct.

It is well established in Connecticut that indemnity for a party's own misconduct must be based on an indemnity provision which is plain, precise, explicit and unmistakable. *Hyson v. White Water Mountain Resorts of Connecticut, Inc.*, 265 Conn. 636, 829 A.2d 799

4

(2003) ("the law does not favor contract provisions which relieve a person from his own negligence").

"[U]nless the intention of the parties is expressed in unmistakable language, an exculpatory clause will not be deemed to insulate a party from liability for his own negligent acts. Put another way, it must appear plainly and precisely that the limitation of liability extends to negligence or other fault of the party attempting to shed his ordinary responsibility." *B and D Associates, Inc. v. Russell*, 73 Conn.App. 66, 72 (2002).

In September, 2003, in *Hyson*, the Connecticut Supreme Court held that a release indemnity provision that did not specifically state that the plaintiff agreed to release, hold harmless and indemnify the defendant's from its own negligence was not enforceable so as to prevent the plaintiff from recovering damages for the defendant's negligence. *Hyson*, 265 Conn. at 643. Subsequent Connecticut Superior Court opinions have relied on the requirement for specific and clear language of release indemnity. *Id*. *Cf. Brown v. Sol*, 2004 WL 1462653 (Conn.Super. 2004)(release that released participant of racing event met standard set forth in *Hyson* when language stated that plaintiff released defendant from all damages arising out of or related to event, "whether caused by the negligence of releasees or otherwise")(Attached as Exhibit B); *Ehrenreich v. Mohawk Mountain Ski Area*, 2004 WL 304315 (Conn.Super. 2004)(release that released ski area and owners from any loss or damage, including damages resulting from use of rental equipment, not enforceable because release did not specifically release ski area from its own negligent and reckless misconduct)(Attached as Exhibit C); *DiMaggio v. Labreque*, 2003 WL 22480968

5

(Conn.Super. 2003)(release that released and indemnified releasee from all claims, including those "caused by passive or active negligence of the released parties" adequately warned plaintiff that she released defendant from liability in addition to any acts of active or passive negligence by defendant)(Attached as Exhibit D).

In reaching its decision, the *Hyson* court held that indemnification provisions give rise to and are subject to the same requirements as releases. Indemnification provisions must clearly provide that the indemnification applies to the releasee's own fault or negligence to be effective. *Hyson*, 265 Conn. at 642.

The clause upon which PWC relies does not advise HHRG that PWC is released or indemnified from its own misconduct. The clause simply states that PWC is to be indemnified for claims arising in circumstances where there has been a knowing misrepresentation by a member of HHRG's management. It does not state that PWC is to be indemnified for PWC's misrepresentations or failure to meet professional standards. It does not state that PWC is to be indemnified for PWC's negligence or failure to meet its contractual obligations even if some "circumstances" occur where there is a knowing misrepresentation by a member of management. The provision relied upon by PWC also fails to state that PWC is to be indemnified for PWC's misrepresentation. Thus, as a matter of law, the release indemnification provision is not enforceable. *See Hyson*, 265 Conn. 636; *Ehrenreich v. Mohawk Mountain Ski Area*, 2004 WL 304315.

### C. PWC's Breach of Contract Precludes PWC from Enforcing the Indemnity Clause

Furthermore, to the extent that PWC is found to have breached its agreement, it is not entitled to enforce the indemnity provision against HHRG. *Bernstein v. Nemeyer*, 213 Conn. 665, 672-73 (1990) (material failure of performance by one party to contract discharges other party from duty to render performances yet to be exchanged.); *Bouchard v. Bouchard*, 2001 Conn. 359036 at *2 (attached as Exhibit E) ("Under contract law, a material breach by one party discharges the other party's subsequent duty to perform on the contract"); *see also* 2 Restatement (Second), Contracts Section 237, p. 215 (1979) ("It is a condition of each party's remaining duties to render performances to be exchanged under an exchange of promises that there be no uncured material failure by the other party to render any such performance due at an earlier time.")

It is clear that the indemnity provision in the PWC engagement letter does not contain explicit language under which HHRG must indemnify PWC for its own negligence, breach of contractual obligations, its negligent misrepresentations or professional malpractice. Moreover, it is clear that before PWC could claim indemnification, PWC will have been found first to have breached the agreement either through its nonperformance or its negligent performance of the contract. Since PWC's misconduct must be a condition precedent for its claim for indemnification under the agreement, and since PWC is not entitled to indemnification for its own negligence or its prior breach of the agreement, PWC

7

cannot state a claim for indemnity through its counterclaims against HHRG. PWC's counterclaims against HHRG lack legal sufficiency, and therefore, they must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, this Court should dismiss the counterclaims asserted by PWC and grant HHRG any such other and further relief that this Court deems just and equitable.

<div style="margin-left: 40%;">

Respectfully submitted,

TYLER COOPER & ALCORN, LLP

By: 
William H. Champlin III
(ct04202), Champlin@tylercooper.com
William S. Fish, Jr.
(ct05349), Fish@tylercooper.com
Michael T. McCormack
(ct13799), Mmcormack@tylercooper.com
TYLER COOPER & ALCORN, LLP
CityPlace, 35th Floor
185 Asylum Street
Hartford, CT  06103
Tel: (860) 725-6200
Fax: (860) 278-3802

</div>

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed on July 7, 2004 postage prepaid to all counsel of record as follows:

David Elliott, Esq.
William H. Erickson, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT 06103

Steven Humphrey, Esq.
Dina Fisher, Esq.
Robinson & Cole
280 Trumbull Street
Hartford, CT 06103

Fred N. Knopf, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd St.
New York, NY 10017-5639



William H. Champlin III

CM0G000892V002.doc